IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL HAWES,

      Petitioner,                No. CIV S-09-3365 GEB GGH P

   vs.

DERRAL G. ADAMS,

      Respondent.              <u>ORDER</u>

_____/

*Introduction and Summary*

        Petitioner, a prisoner serving a term of life in prison without the possibility of parole, has filed a habeas corpus petition challenging a disciplinary conviction which apparently gave him additional time in the SHU (segregated housing unit). Respondent has challenged the invocation of habeas corpus jurisdiction in a motion to dismiss. For the reasons that follow, respondent is correct. However, this order gives petitioner leave to file a civil rights complaint, if he can appropriately do so.

*Discussion*

        Possibly most confusing to inmates challenging prison decisions is whether to proceed in habeas corpus or civil rights. Not only have the federal courts had decades of jurisprudential analysis on this knotty subject, the matter is doubly difficult because state habeas

1

corpus practice in California is broader than federal practice, and encompasses subject matter which would be considered "civil rights" claims if brought to federal court. A prisoner, such as petitioner, who has his habeas corpus petition adjudicated on the merits in state courts may well be befuddled when told that habeas corpus cannot be pursued in federal court. Nevertheless, the correct jurisdictional avenue must be pursued in federal court.

Petitioner does not dispute that he is a prisoner serving life without parole. Thus, the court will take judicial notice of this fact set forth in Exhibit 1 to the Motion to Dismiss.

Without question, if petitioner were serving a term less than "life without the possibility of parole," habeas jurisdiction here would be appropriate, either because the petitioner lost time credits, or a court decision favorable to petitioner would be likely to accelerate petitioner's parole (given the disciplinary charges here). See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). However, petitioner's "without the possibility of parole" sentence renders the time credits issue moot or inapposite, and the "likely to accelerate" issue impossible. In this case, "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Id.

However, petitioner will be given leave to file a civil rights complaint in this action. As petitioner has touched upon a due process violation in his habeas petition, and assuming petitioner wishes to continue with this claim, petitioner must allege facts sufficient in the complaint to show that placement in the SHU would be considered an "atypical and significant hardship" in the prison context, and petitioner must allege the constitutional deficiencies all facets of the process which landed him in the SHU. Petitioner must name a defendant(s) whom he believes responsible for inflicting the due process violation. The form which petitioner will be sent will guide him through this process.[1]

---

[1] The civil rights claim would not be inevitably Heck barred. When habeas corpus jurisdiction is not possible because of limitations which a plaintiff could not have reasonably overcome, petitioner is excused from proceeding first in habeas to overcome his "conviction." Here, habeas jurisdiction is simply not possible, and diligence has nothing to do with the

*Conclusion*

Respondent's motion to dismiss (docket #12) is granted and the petition for habeas corpus is dismissed with leave to file a civil rights action within 28 days from the filed date of this order. Petitioner, who will be termed a "plaintiff" in the civil rights action, shall either pay the $350.00 filing fee, or request to proceed in forma pauperis in the civil rights action. The Clerk shall send petitioner the appropriate civil rights complaint forms.

DATED: July 20, 2010                 /s/ Gregory G. Hollows
                                     _____
                                     UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
hawes3365.ord

---

impossibility of habeas jurisdiction. See Nonnette v. Small, 316 F.3df 872, 877 (9th Cir. 2002). This is not the situation of Guerro v. Gates, 442 F.3d 697, 705 (9th Cir. 2006), where a plaintiff's lack of diligence was the fact which made habeas jurisdiction unavailable.

3